Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice* to be filed)
Adam LaRock (*pro hac vice* to be filed)
Alex Alfano (*pro hac vice* to be filed)
Ryan Conkin (*pro hac vice* to be filed)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN REGENT, INC.,<br><br>Plaintiff*,*<br><br>v.<br><br>RK PHARMA, INC., VGYAAN PHARMACEUTICALS LLC, APICORE US LLC,  and ARCHIS PHARMA LLC.<br><br>Defendants*.* | Civil Action No. __24-1169_____<br><br>(Filed Electronically) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff American Regent, Inc. ("ARI"), by its undersigned attorneys, for their Complaint

against Defendants RK Pharma, Inc., VGYAAN Pharmaceuticals LLC ("VGYAAN"), Apicore

US LLC  ("Apicore"), and Archis Pharma LLC ("Archis") (collectively, "the RK Pharma Group"),

alleges as follows:

1

**NATURE OF THIS ACTION**

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, arising from the RK Pharma Group's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application No. 218537 ("the ANDA") which contained a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the commercial manufacture, use, or sale of generic versions of ARI's Tralement® (trace elements injection 4*, USP) in 1 mL single-dose vials and 5 mL Pharmacy Bulk Package vials and Multrys® (trace elements injection 4*, USP) drug products ("the ANDA Products") prior to the expiration of United States Patent No. 11,786,548 ("the '548 patent" or "the patent-in-suit").

**THE PARTIES**

2.      ARI is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

3.      On information and belief, Defendant RK Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principle place of business at 401 N. Middletown Road, Building 215/215A, Pearl River, New York 10965 and a regular and established place of business at 23 Orchard Road, Suite 180, Skillman, New Jersey 08558 through its operations with Defendant VGYAAN, a regular and established place of business at 49 Napoleon Court, Somerset, New Jersey 08873 through its operations with Defendant Apicore, and a regular and established place of business at 15 Corporate Pl S, Piscataway, New Jersey 08854 through its operations with Defendant Archis.

4.      On information and belief, Defendant VGYAAN is an entity organized and existing under the laws of the State of New Jersey, with a principal place of business at 23 Orchard Road, Suite 180, Skillman, New Jersey 08558.

5.    On information and belief, Apicore is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 49 Napoleon Court, Somerset, New Jersey 08873.

6.    On information and belief, Defendant Archis is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 15 Corporate Pl S, Piscataway, New Jersey 08854.

7.    On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acted in concert to prepare and submit the ANDA with a Paragraph IV Certification to FDA.

**JURISDICTION AND VENUE**

8.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because, on information and belief, RK Pharma, Inc., with the aid of VGYAAN, Apicore, and Archis, submitted the ANDA with a Paragraph IV Certification from VGYAAN's Skillman, New Jersey places of business and therefore the RK Pharma Group has committed acts of infringement and has a regular and established place of business in New Jersey for the purposes of venue.

10.    Based on the facts and causes alleged herein, including infringement under 35 U.S.C. § 271(e)(2) by the ANDA with a Paragraph IV Certification and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over RK Pharma, Inc.

11.    On information and belief, RK Pharma, Inc. has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New

Jersey under Business ID No. 0101052900. RK Pharma, Inc. has thus consented to personal jurisdiction in New Jersey.

12. On information and belief, VGYAAN has its principal place of business in the State of New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0600406976. VGYAAN has thus consented to personal jurisdiction in New Jersey.

13. On information and belief, Apicore has its principal places of business in the State of New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400670163. Apicore has thus consented to personal jurisdiction in New Jersey.

14. On information and belief, Archis has its principal places of business in the State of New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450743031. Archis has thus consented to personal jurisdiction in New Jersey.

15. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis, are affiliates that operate within the same corporate family.

16. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis act, operate, and/or hold themselves out to the public as a "vertically integrated" business such that RK Pharma, Inc. has an established and regular place of business in the State of New Jersey at least through activities performed in conjunction with VGYAAN LC, Apicore, and Archis.

17. On information and belief, RK Pharma, Inc., itself and/or through VGYAAN, Apicore, and Archis, is in the business of developing, manufacturing, importing, marketing, and/or

4

selling generic pharmaceutical products throughout the United States, including in this Judicial District.

18.     On information and belief, and as confirmed by RK Pharma Inc.'s website, "RK Pharma Inc[.] is a group of companies engaged in all phases of the generic pharmaceutical business" consisting of the "vertically integrated" defendants:



19.     On information and belief, VGYAAN is the entity within the RK Pharma Group responsible for "development, filing with the regulatory agencies and commercialization" of "generics and 505(b)(2) drugs."[2]

20.     On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acting in concert and/or as agents of one another, filed the ANDA with a Paragraph IV Certification for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale,

---

[1] About Us. https://rkpharmainc.com/about-us.html

[2] http://vgyaan.com/products/

sale, and/or importation of the generic products described in the ANDA in the United States, including in New Jersey.

21.     On information and belief, actions related to the submission of the ANDA with a Paragraph IV Certification occurred in the State of New Jersey, and if the RK Pharma Group receives approval for the ANDA, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell the generic products described in the ANDA in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the generic products described in the ANDA in the State of New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016).

22.     On information and belief, if the ANDA with a Paragraph IV Certification is approved, the generic products described in the ANDA would, among other things, be manufactured, marketed, distributed, offered for sale, and/or sold in New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

23.     On information and belief, and as confirmed by RK Pharma Inc.'s website, RK Pharma, Inc., VGYAAN, Apicore, and Archis operate through "vertical integration"[3] wherein VGYAAN works to "develop[e] and commercializ[e] clinically critical therapies,"[4] Apicore "is a

---

[3] *Id.*

[4] About Us, http://vgyaan.com/about/

leading process R&D and API manufacturing service provider,"[5] and "Archis [], the sales and marketing arm, commercializes both the RK Pharma group's and in-licensed partner products." [6]

24.     On information and belief, VGYAAN, Apicore, and Archis are wholly-owned subsidiaries of and operate under common management by RK Pharma, Inc.[7]

25.     On information and belief, following any FDA approval of the ANDA with a Paragraph IV Certification, RK Pharma, Inc., VGYAAN, Apicore, and Archis will work in concert with one another to make, use, offer to sell, and/or sell the ANDA Products throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

26.     On information and belief, the RK Pharma Group derives substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and New Jersey.

## BACKGROUND

27.     ARI holds New Drug Application ("NDA") No. 209376 for Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), which were approved by FDA on July 2, 2020 and which ARI manufactures and sells in this judicial district and throughout the United States.

28.     Tralement® is the first and only FDA-approved multi-trace element injection for patients weighing at least 10 kg. FDA has approved both 1 mL and 5 mL forms of Tralement®; ARI markets a 1 mL Tralement® product.

---

[5] About Us, https://rkpharmainc.com/about-us.html

[6] *Id.*

[7] *Id.*

29.     Tralement® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate and selenious acid) indicated in adult and pediatric patients weighing at least 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

30.     Multrys® is the first and only FDA-approved multi-trace element injection for neonatal and pediatric patients weighing less than 10 kg.

31.     Multrys® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate, and selenious acid) indicated in neonatal and pediatric patients weighing less than 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

32.     Both Tralement® and Multrys® are commercial embodiments of the '548 patent.

33.     ARI is the owner of the '548 patent, which is entitled "Trace element compositions, methods of making and use" was duly and legally issued on October 17, 2023. A copy of the '548 patent is attached as Exhibit 1.

34.     The '548 patent has been listed in connection with Tralement® and Multrys® in FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

35.     As indicated in the Orange Book, the patent expiration date for the '548 patent is July 1, 2041.

36.     On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis were all responsible for preparing and submitting the ANDA with a Paragraph IV Certification.

37.     By letter dated January 23, 2024 ("the Notice Letter"), RK Pharma, Inc. notified ARI pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that RK Pharma, Inc. had

submitted the ANDA with a Paragraph IV Certification to FDA to seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products prior to the expiration of the '548 patent.

38.    On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis submitted the ANDA to FDA with RK Pharma, Inc. as the named applicant, which contained a Paragraph IV Certification asserting that the '548 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of the ANDA Products, or alternatively, that the '548 patent is invalid.

39.    The Notice Letter asserted defenses of non-infringement for certain, but not all, claims of the '548 patent. The Notice Letter did not set forth positions of non-infringement for Claims 1-2, 4-6, 9-19, 21-43, and 46-56.

40.    The Notice Letter contained an offer of confidential access ("OCA") to the ANDA; however, the proposed OCA contained unreasonable restrictions and the RK Pharma Group refused to negotiate any terms of the OCA with ARI. Consequently, ARI was unable to access the ANDA to assess any claims of non-infringement for the '548 patent prior to the filing of this Complaint.

41.    On information and belief, the ANDA Products are generic versions of Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), as their reference listed drugs, containing the same or equivalent ingredients in the same or equivalent amounts.

42.    In the Notice Letter, the RK Pharma Group disclosed that the ANDA Products are (1) a single-dose, 1 mL generic version of Tralement® containing 3 mg of zinc, 0.3 mg of copper, 55 mcg of manganese, and 60 mcg of selenium; (2) a 5 mL Pharmacy Bulk Package generic version

of Tralement® containing 3 mg of zinc, 0.3 mg of copper, 55 mcg of manganese, and 60 mcg of selenium; and (3) a generic version of Multrys® containing 1000 mcg of zinc, 60 mcg of copper, 3 mcg of manganese, and 6 mcg of selenium.

43. On information and belief, the ANDA Products contain zinc, copper, manganese, and selenium in the same or equivalent amounts as Tralement® and Multrys®, respectively.

44. On information and belief, the ANDA Products will feature the same or equivalent chemical properties as Tralement® and Multrys®.

## COUNT I: INFRINGEMENT OF THE '548 PATENT

45. ARI realleges paragraphs 1-44 as if fully set forth herein.

46. The RK Pharma Group's submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products in or into the United States, prior to the expiration of the '548 patent, constitutes direct and indirect infringement of the '548 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

47. On information and belief, the ANDA Products, if approved by FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by the RK Pharma Group or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '548 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Products will occur with the RK Pharma Group's specific intent and encouragement, and will be conduct that the RK Pharma Group knows or should know will occur. On information and belief, the RK Pharma Group will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners,

with knowledge and specific intent that the conduct will be in contravention of ARI's rights under the '548 patent.

48. On information and belief, the RK Pharma Group's manufacturing, use, offer for sale, sale, and/or importation of the ANDA Products, once the ANDA with a Paragraph IV Certification is approved by FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '548 patent, either literally or under the doctrine of equivalents. On information and belief, the RK Pharma Group intends that the ANDA Products be used by patients and medical professionals. Also, on information and belief, the RK Pharma Group knows that the ANDA Products are especially made or adapted for use in infringing the '548 patent, and that the ANDA Products are not suitable for substantial non-infringing use.

49. ARI will be irreparably harmed if the RK Pharma Group is permitted to make, use, sell, offer to sell, and/or import the ANDA Products in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '548 patent, or any later expiration of exclusivity for the '548 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

50. The RK Pharma Group has had knowledge of the '548 patent since at least the date the RK Pharma Group submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

11

51.     This case is "exceptional," and ARI is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, ARI prays that this Court grant the following relief:

(a)     A judgment under 35 U.S.C. § 271(e)(2)(A) that the RK Pharma Group has infringed at least one claim of the '548 patent through the RK Pharma Group's submission of the ANDA with a Paragraph IV Certification to FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States the ANDA Products before the expiration of the '548 patent;

(b)     A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that the RK Pharma Group's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of the ANDA Products before the expiration of the '548 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '548 patent;

(c)     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the ANDA, shall not be earlier than the latest expiration date of the '548 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(d)     The entry of a permanent and/or preliminary injunction enjoining the RK Pharma Group, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States the ANDA Products, or any product that infringes the '548 patent, or inducing or contributing to the infringement of the '548 patent until after the expiration date of the '548 patent, including any extension and/or additional periods of exclusivity to which ARI is or becomes entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

12

(e)      The entry of a permanent and/or preliminary injunction enjoining the RK Pharma Group, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the '548 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(f)      Damages or other monetary relief to ARI if the RK Pharma Group engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the ANDA Products prior to the expiration of the '548 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(g)      A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding ARI its attorney's fees incurred in this action; and

(h)      Such further relief as this Court deems proper and just.


Dated: February 28, 2024

By: /s/ Charles H. Chevalier
    Charles H. Chevalier
    GIBBONS P.C.
    One Gateway Center
    Newark, New Jersey 07102-5310
    (973) 596-4611
    cchevailer@gibbonslaw.com

    Christine A. Gaddis
    GIBBONS P.C.
    141 West Front Street, Suite 240
    Red Bank, New Jersey 07701
    (732) 704-5801
    cgaddis@gibbonslaw.com

    OF COUNSEL:

    Dennies Varughese, Pharm. D.
    Uma Everett (*pro hac vice* to be filed)
    Adam LaRock (*pro hac vice* to be filed)
    Alex Alfano (*pro hac vice* to be filed)
    Ryan Conkin (*pro hac vice* to be filed)

13

Sterne, Kessler, Goldstein & Fox P.L.L.
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

14